IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| ANINDO DEY, | )<br>) |
| Plaintiff, | )<br>) No. 17 C 5528 |
| v. | )<br>) Hon. Virginia M. Kendall |
| INNODATA INC., | )<br>) |
| Defendant. | )<br>) |

## MEMORANDUM OPINION AND ORDER

Plaintiff Anindo Dey filed this employment discrimination suit pursuant to Title VII of the Civil Rights Act, the Americans with Disabilities Act, the Illinois Human Rights Act, and the Illinois Whistleblower Act,[1] against Defendant Innodata Inc. (Dkt. No. 1.) Dey seeks money damages as a result of purported employment discrimination and retaliation. (*Id*. at 13.) Innodata filed a motion to dismiss for improper venue pursuant to Fed. R. Civ. P. 12(b)(3) and 28 U.S.C. § 1391 or, in the alternative, to transfer venue pursuant to 28 U.S.C. § 1404(a). (Dkt. No. 9.) The Defendant's motion is granted in part, and the case is transferred to the United States District Court for the District of New Jersey. [9.]

## BACKGROUND

The Court takes the allegations from the Plaintiff's Complaint as true for purposes of evaluating the motion to dismiss for improper venue. *See Faulkenberg v. CB Tax Franchise Sys., LP*, 637 F.3d 801, 806 (7th Cir. 2011) (citing *Kochert v. Adagen Med. Int'l, Inc.*, 491 F.3d 674, 677 (7th Cir. 2007)).

---

[1] 42 U.S.C. § 2000e; 42 U.S.C. § 1981(a); 42 U.S.C. §§ 12111-12117; 775 ILCS 5/6-101(A); 775 ILCS 5/2-102(A); 740 ILCS 174.

1

Innodata is a Delaware corporation with headquarters in Hackensack, New Jersey, that provides content solutions, data analytics and related services to publishers and information providers, and is registered to conduct business in the State of Illinois. (Dkt. No. 1, ¶¶ 9, 12.) In July 2013, Innodata India Pvt. Ltd., a subsidiary of the Defendant, employed Dey as Vice President of Business Development in Noida, India.[2] (*Id*. ¶ 11.) In February 2016, Innodata sponsored Dey's relocation to the United States and changed his title to Client Partner. (*Id*. ¶ 3.) Once in the United States, Dey worked out of his home in Buffalo Grove, Illinois, although he reported to Innodata's headquarters in New Jersey. (*Id*.) At all relevant times, Dey reported to Lisa Indovino, Innodata's Senior Vice President of Digital Data Solutions. (*Id*. ¶ 15.)

As a part of the relocation process Dey received an Offer of Employment letter (the "Offer"), a copy of which is provided by Innodata in its motion to dismiss. (Dkt. No. 14, Ex. A.) The Offer, while noting it was not an employment contract, expressly required Dey to sign an Agreement Concerning Confidentiality and Non-Disclosure (the "Agreement") prior to starting the job. (*Id*. at 3.) The Offer contained a provision that stated in relevant part: "The terms of this Offer of Employment and the resolution of any disputes will be governed by New Jersey law." (*Id*. at 4.) The Agreement, which also accompanies Innodata's motion, included provisions on Jurisdiction and Governing Law, which stated:

6. <u>Jurisdiction</u>. Employee hereby consents to the jurisdiction of the courts of the State of New Jersey, County of Bergen, and the United States District Court, District of New Jersey with respect to any claims or disputes arising from or in connection with Employee's employment with Innodata Inc. . . . The foregoing shall govern, among other claims and disputes, claims or disputes with respect to discrimination based on age, sex, race, color or creed or sexual or other harassment at the workplace.

7. <u>Governing Law</u>. This Agreement shall be governed by the internal laws of the State of New Jersey without giving effect to its principles of conflicts of law.

---

[2] Dey alleges that Innodata employed him while in India; however Dey's response to Innodata's Motion admits that Dey's employer was Innodata India Pvt., Ltd. (Dkt. 18, at 2.)

(*Id*. Ex. B, at ¶¶ 6–7.)

Dey, who is of Asian ethnicity and Indian origin, alleges that his supervisors at Innodata subjected him to discrimination based on his national origin, color, and race. (Dkt. No. 1, at ¶¶ 16; 31.) Specifically, Dey alleges that Indovino subjected him to "a campaign of harassment, an intimidating and threatening work environment, and verbal and racial abuse upon his relocation to the United States." (*Id*. ¶ 18.) He also claims Indovino made racist comments regarding the inability of Asian operations to conduct business, that she "can barely understand" what the offshore teams say on phone calls, and that "Indians have no ability to speak in short sentences clearly." (*Id*. ¶¶ 21, 22, 25.) Dey initially reported these incidents in an email to Innodata's Chairman and Chief Executive Officer on September 12, 2016, indicating that the current work environment threatened his family's security in the United States. (*Id*. ¶¶ 19, 28.)

Sometime in 2016, Dey suffered a silent heart attack. (*Id*. ¶ 29.) On November 8, 2016, Dey filed a charge of discrimination against Innodata with the Chicago District Office of the Equal Employment Opportunity Commission ("EEOC"). (*Id*. ¶ 31.) The following day, he underwent emergency heart surgery. (*Id*. ¶33.) As a result of the surgery, Dey requested ten days of medical leave in order to recover. (*Id*. ¶ 34.) Meanwhile, on November 30, 2016, the EEOC Office of Chicago transferred Plaintiff's charge to its New Jersey office. (*Id*. ¶ 38.) Two days after becoming aware of Dey's EEOC complaint, Innodata terminated his employment. (*Id*. ¶ 39.) He filed this complaint on July 28, 2017, alleging that Innodata subjected him to a hostile work environment and a discriminatory work culture based on his national origin, color, and race and that Innodata retaliated against him for engaging in a protected activity. (*Id*. ¶ 31.)

## **STANDARD OF REVIEW**

Under Fed. R. Civ. P. 12(b)(3), a defendant may file a motion to dismiss the case for improper venue. A 12(b)(3) motion is also the appropriate mechanism for challenging venue

3

based upon a forum-selection clause. *Cont'l Ins. Co. v. M/V ORSULA*, 354 F.3d 603, 606-07 (7th Cir. 2003); *see also Auto. Mechanics Local 701 Welfare & Pension Fund v. Vanguard Car Rental USA*, 502 F.3d. 740, 745-46 (the court follows the majority rule that a motion seeking dismissal based on forum-selection clause … is conceptualized better as objection to venue, and hence properly raised under Rule 12(b)(3)). Where venue is improper, the district court "shall dismiss, or if it be in the interest of justice, transfer such case to any district [] in which it could have been brought." 28 U.S.C. § 1406(a). Where venue is proper, a district court has the authority to transfer venue to another district "[f]or the convenience of parties and witnesses" or "in the interest of justice" 28 U.S.C. § 1404(a). The movant bears the burden of establishing by reference to particular circumstances, that the transferee forum is clearly more convenient. *Coffey v. Van Dorn Iron Works*, 796 F.2d 217, 219-20 (7th Cir. 1986). The Supreme Court directs that section 1404(a) "is intended to place discretion in the district court to adjudicate motions for transfer according to [a] '... case-by-case consideration of convenience and fairness." *Research v. Automation, Inc. v. Schrader-Bridgeport Intern., Inc.*, 626 F.3d 973, 977 (7th Cir. 2010) (citing *Stewart Organization, Inc. v. Richoh Corp.*, 487 U.S. 22, 29 (1988) (internal quotations omitted)).

## DISCUSSION

On November 6, 2017, the Court invited the Parties to submit supplemental position papers addressing 42 U.S.C. § 2000e-5(f)(3), which is the statutory venue provision applicable to Title VII and ADA lawsuits. (Dkt. No. 29.)[3] Dey responded, further suggesting that the Northern District of Illinois is an appropriate venue. (Dkt. No. 30.) Innodata's supplemental reply seeks dismissal or transfer to the District of New Jersey based on either the statutory venue

---
[3] The parties did not address the special venue provisions in their briefing.

provision, or in accordance with the forum-selection clause within the employment contract. (Dkt. No. 31.)

## I. Proper Venue Under the Title VII's and the ADA

Cases invoking Title VII or the ADA are subject to a venue provision that differs from the standard set forth under 28 U.S.C. § 1391. *See, e.g.*, *Harding v. Williams Property Co.*, 163 F.3d 598 (4th Cir. 1998); *see also Zipes v. Trans World Airlines, Inc.*, 455 U.S. 385, 393-94 n. 9 (1982) (describing the statutory language and explaining that the provision is intended to operate as a statute of limitations and not a jurisdictional bar). Title VII and ADA actions may be brought "in any judicial district in the State in which the unlawful employment practice is alleged to have been committed, in the judicial district in which the employment records relevant to such practice are maintained and administered, or in the judicial district in which the aggrieved person would have worked but for the alleged unlawful employment practice[.]" 42 U.S.C. § 2000e-5(f)(3). Furthermore, this district has found the plaintiff need establish only one of the Title VII venue provisions in order to defeat a challenge of improper venue. *See, e.g.*, *Williams v. Am. Coll. of Educ., Inc.*, 2017 WL 2424227, *3 (N.D. Ill. 2017) (St. Eve, J.) (the plaintiff satisfies the third prong of the Title VII venue provision); *Nathan v. Morgan Stanley Renewable Dev. Fund, LLC*, 2012 WL 1886440, *11 (N.D. Ill. 2012) (Lefkow, J.) (the plaintiff satisfies at least one of the three listed Title VII venue provisions making dismissal under 12(b)(3) inappropriate); *Graham v. Spireon, Inc.*, 2014 WL 3714917, *2 (N.D. Ill. 2014) (Aspen, J.) (same).

The facts of this case suggest venue is appropriate in the Northern District of Illinois under the third prong of 42 U.S.C. § 2000e-(5)(f)(3) because Dey lives and works in Illinois and he would continue to do so but for the alleged employment discrimination. Thus, with all else being equal, venue would be appropriate solely based upon the statutory venue provisions.

5

Unfortunately for Dey, this case also involves a forum-selection clause within an employment contract that establishes venue in the District of New Jersey. The existence of a contractual forum-selection clause requires the Court to determine whether the terms of the contract are superior to the special venue provision of the statute.

II. **Forum-Selection Clause within the Contract**

Innodata previously argued and maintains its request for dismissal or transfer based upon the forum-selection clause within the Agreement. (Dkt. No. 10, at 5-6.) "[U]nder either federal or Illinois law, forum selection clauses are valid and enforceable." *Muzumdar v. Wellness Inter. Network, Ltd.*, 438 F.3d 759, 761 (7th Cir. 2006). In order for Dey's job-change and relocation from India to the United States, Innodata required that he sign the Agreement, which contained a forum-selection clause, and his relocation was contingent on Dey signing that document. (Dkt. No. 31, at 2.) It is well-established that a valid forum-selection clause within a contract "should be given controlling weight in all but the most exceptional cases." *Atl. Marine Const. Co. v. U.S. Dist. Court for the W. Dist. of Texas*, 134 S. Ct. 568, 581 (2013); *see, e.g.*, *Pinkius v. Sirius XM Radio Inc.*, 255 F. Supp. 3d 747, 751 (N.D. Ill. 2017) (Feinerman, J.) ("although judicial efficiency is important, the Supreme Court has instructed that forum selection clauses should be enforced in all but the most exceptional cases") (internal quotations omitted). The Plaintiff does not identify facts that show how or why this is an "exceptional case." He requested relocation to the United States for employment and Innodata agreed to his request. But in doing so, Innodata required that Dey sign an agreement containing a forum-selection clause limiting resolution of any disputes arising from his employment in the federal district court in New Jersey, and Dey signed the Agreement. As such, the forum-selection clause within the Agreement is binding.

This, of course, raises the question of which venue approach governs: the forum-selection clause or the special statutory provision? Dey suggests that the forum-selection clause is

6

unenforceable because it precludes application of Title VII and the ADA's statutory venue provision. (Dkt. No. 38, at 9.) But the statutory language of 42 U.S.C. § 2000e-5 is permissive rather than mandatory. As detailed in the prior section above, the statute provides options as to where a plaintiff *may bring an action*. A statute defining procedure – such as choice of venue – that is styled in optional language does not explicitly invalidate the operation of provisions specifically contracted to by the parties. *In re Mathias*, 867 F.3d 727, 732 (7th Cir. 2017) (finding that a valid forum-selection clause in an ERISA contract is controlling regarding venue because ERISA's statutory venue language does not explicitly invalidate contractual forum-selection clauses) (cert. denied, 538 U.S. ___, Jan. 16, 2018). This is especially true where, as here, the appropriate venue according to the forum-selection clause (New Jersey) happens to be a district available to the parties under prong two of the statutory provisions.[4] *Id*. at 733. In sum, as an elective or permissive decision, the statutory venue provision would permit Dey to file in either the Northern District of Illinois under prong three, or in the District of New Jersey under prong two; however the forum-section clause contractually *requires* the Parties to file any disputes resulting from Dey's employment with the federal court in New Jersey.

## III. Transfer Under §1406(a)

Based on the this analysis, venue is improper according to the existence of a valid forum-selection clause in the Agreement between Dey and Innodata - requiring the Parties to resolve this employment discrimination dispute in the United States District Court for the District of New Jersey. In the absence of this forum-selection clause, Dey would undoubtedly be entitled to file this case in the Northern District of Illinois, but the forum-selection clause is superior to the permissive statutory venue provision set forth under 42 U.S.C. § 2000e-(5)(f)(3).

---

[4] Under the second prong of 42 U.S.C. § 2000e-(5)(f)(3), venue would be appropriate in the District of New Jersey because that is where the relevant employment records are located.

However, the Court may transfer the case to another district in lieu of outright dismissal if "in the interest of justice." 28 U.S.C. § 1406(a). Transfer is ordinarily in the interest of justice because dismissal of the action that could be brought elsewhere is time consuming and may be justice-defeating. *Goldlawr, Inc. v. Heiman*, 369 U.S. 463, 467 (1962).

## **CONCLUSION**

In the interest of justice, Defendant's motion to dismiss is denied and, alternatively the motion to transfer is granted. [9.] The case shall be transferred to the United States District Court for the District of New Jersey forthwith.

                                                              _____
                                                              Hon, Virginia M. Kendall
                                                              United States District Judge

Date: January 22, 2018